UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MARBUERY DAVIS, | ) | Case No.: 1:19 CV 2724 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WARDEN WANZA JACKSON-MITCHELL, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is Petitioner Michael Marbuery Davis's ("Marbuery Davis" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), pursuant to 28 U.S.C. § 2254. Under Local Rule 72.2, the court initially referred the matter to Magistrate Judge William H. Baughman, Jr. The case was later transferred to Magistrate Judge Jennifer Dowdell Armstrong ("Magistrate Judge" or "Magistrate Judge Armstrong") on September 2, 2022, pursuant to General Order 2022-14, to prepare a Report and Recommendation ("R & R") (ECF No. 14). For the following reasons, the court adopts Magistrate Judge Armstrong's R & R (ECF No. 14), and denies the Petition (ECF No. 1) in its entirety.

Petitioner filed his Petition (ECF No. 1) on November 20, 2019, challenging his guilty plea to fourteen different counts for drug trafficking, possession of criminal tools, drug possession, attempted drug possession, and endangering children, in six different cases. (R & R at PageID #1185, ECF No. 14-1.) As a result of his guilty plea, the trial court sentenced Petitioner to a 22-year

aggregate term of imprisonment in all six cases. (*Id.* at PageID #1186.) The Petition asserts the following three grounds for relief:

GROUND ONE: Sixth and Fourteenth Amendment

Supporting Facts: Petitioner was denied his right to effective assistance of counsel and was denied his right to received [sic] an agreed sentence of 3 years rather than 22 years. Petitioner was denied his right to withdraw his plea when the sentence he believed was promised to him of 3 years was not imposed by the court.

GROUND TWO: Sixth and Fourteenth Amendment

Supporting Facts: Petitioner was denied his constitutional rights when he was sentenced to a consecutive sentence when the court did not make appropriate findings as required by Ohio law. Moreover, the sentence imposed by the court failed to identify the purposes and principles of sentencing set forth by law. Moreover, the court improperly ordered petitioner to pay court costs when the court did not comply with the statutory requirements for the imposition of court costs.

GROUND THREE: Sixth Amendment

Supporting Facts: Petitioner was denied effective assistance of counsel. Petitioner alleged this supported by other persons, that he was promised a 3 year sentence if he entered pleas of guilty to the various charges. Moreover, the court imposed a 22 year sentence instead of the agreed 3 year sentence even though trial counsel had promised a 3 year sentence if petitioner entered a plea guilty. Petitioner was denied his right to withdraw his pleas of guilty when the court did not impose an agreed sentence as promised by his defense counsel. Moreover, the discovery was not properly shared with petitioner so that he could enter a plea of guilty intelligently, knowingly and voluntarily. Moreover, trial counsel fail to file an affidavit the petitioner was indigent even though counsel had been appointed so as to waive any mandatory fines and court cost.

(*Id.* at PageID 1191–92.) Respondent filed a Return of Writ (ECF No. 7) on April 3, 2020. In turn, Petitioner, through counsel, submitted a Traverse (ECF No. 8) on April 24, 2020. Magistrate Judge Armstrong submitted her R & R (ECF No. 14-1) on December 12, 2022, recommending that the

court deny and dismiss the Petition (ECF No. 1) in its entirety.

The R & R recommends that the court deny and dismiss the Petition for failure to exhaust his remedies. (R & R at PageID #1199.) The R & R finds that while the entirety of Petitioner's grounds were raised on direct appeal, Petitioner never appealed the Ohio Court of Appeals' unfavorable decision to the Ohio Supreme Court, thus not properly exhausting his grounds for relief. (*Id.*) Despite Petitioner's argument that he has exhausted all grounds in his Petition to the Ohio Supreme Court, the R & R finds that his 26(B) application failed to preserve his direct appeal claims. (*Id.* at PageID #1200); *see also Lott v. Coyle*, 261 F.3d 594, 612–13 (6th Cir. 2001). While an exception to the exhaustion requirement "exists only if there is no opportunity to obtain relief in the state courts, or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts," the R & R concludes that this exception is not met here because Petitioner neither alleges nor establishes that any of these circumstances apply to his case. (*Id.* at PageID #1200–01) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1983)); *see also Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (determining that an inordinate delay in adjudicating state court claims may be a circumstance which would excuse the exhaustion of state court remedies). Accordingly, the R & R concludes that Petitioner's claims are unexhausted because he has not sought a delayed appeal to the Ohio Supreme Court. (*Id.* at PageID #1201.) The R & R briefly considers whether the Petition is entitled to a stay and abeyance, but concludes that it is not because Petitioner has not demonstrated good cause for his delay in seeking a delayed direct appeal and wholly fails to provide any indication of good cause in his Traverse. (*Id.* at PageID #1201–02.) Accordingly, the R & R recommends that the court dismiss Petitioner's three grounds for relief as unexhausted.

Next, the R & R addresses, in the alternative, the merits of Petitioner's grounds. With respect

to Petitioner's first ground for relief, the R & R finds that to the extent that Petitioner asserts that he was denied his right to withdraw his guilty plea when the trial court imposed a sentence different from that allegedly promised by trial counsel, that claim is not cognizable. (*Id.* at PageID #1203); *see also United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009) (noting that, "[t]he defendant is not entitled to . . . the withdrawal of [his] plea as a matter of right."). Additionally, to the extent that Petitioner alleges that the trial court improperly denied his motion to withdraw his guilty plea, the R & R recommends that claim should be rejected because generally, federal habeas courts "lack[] authority to adjudicate a claim that the state court improperly denied a motion to withdraw a guilty plea." (*Id.* at PageID #1203–04) (citing *Artiaga v. Money*, No. 3:04 CV 7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007)). Moreover, the R & R notes that while Petitioner alleges that he was denied ineffective assistance of counsel, he does not explain what error his trial counsel allegedly made and therefore cannot sustain his claim because a conclusory claim of ineffective counsel, unsupported by specific facts, is wholly insufficient to allege constitutional defects in a criminal proceeding and cannot form a basis of habeas relief. (*Id.* at PageID #1204.) As such, the R & R recommends that ground one be dismissed. (*Id.*)

Next, the R & R finds that Petitioner's second ground for relief—challenging his sentencing and the court's imposition of court fees—is not cognizable for federal habeas review. (*Id.* at PageID #1205.) Specifically, the R & R states that, "[a]lthough Petitioner refers to the Sixth and Fourteenth Amendments, his claim does not present a federal question because it plainly hinges on a matter relating to state sentencing, which is not a cognizable federal issue." (*Id.*) The R & R notes that courts have consistently found that a habeas petitioner cannot challenge the interpretation and application of Ohio's sentencing laws, and that "even if the trial court erred under state law by

failing to engage in judicial factfinding before sentencing Petitioner to consecutive sentences, this error itself is a *state law* issue, which is beyond the jurisdiction of this Court." (*Id.* at PageID #1206); *see also Croce v. Miller*, No. 1:15-cv-1758, 2017 WL 3394046, at *22 (N.D. Ohio July 12, 2017) (noting that, "a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action."). Moreover, to the extent that Petitioner attempts to allege that his consecutive sentence was imposed in violation of the Sixth Amendment, the R & R rejects that argument, noting that the United States Supreme Court has held that the Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences. (*Id.*); *see also Oregon v. Ice*, 55 U.S. 160 (2009). Furthermore, the R & R notes that Petitioner's claim that the trial court improperly ordered him to pay court costs without complying with the statutory requirements for the imposition of court costs, should also be rejected because it does not state a cognizable claim for federal habeas relief. (*Id.* at PageID #1207); *Washington v. McQuiggin*, 529 F. App'x 766, 772 (6th Cir. 2013) (stating that, "fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim.").

Finally, with respect to Petitioner's third ground for relief, the R & R recommends that the court reject Petitioner's claim because it lacks merit, on several bases. (*Id.* at PageID #1208.) First, the R & R concludes that Petitioner's reliance on *Lafler v. Cooper*, 566 U.S. 156 (2012)—which he cites for the proposition that trial counsel is deficient if counsel indicates that a certain sentence will be imposed and the trial court does not impose that sentence—is misplaced because *Lafler* is factually distinguishable from the instant case. In *Lafler*, the Court's analysis was confined to addressing the issue of prejudice, under the second prong of *Strickland*, because the parties in that

case agreed that counsel's performance was deficient. (*Id.* at PageID #1210–11.) Here, the parties' dispute concerns whether Petitioner's counsel was constitutionally deficient by allegedly promising Petitioner a lesser sentence that the trial court did not in fact impose. (*Id.* at PageID #1211.) Thus, Petitioner presumes deficient performance of his trial counsel without making the required deficiency showing under the *Strickland* standard. Additionally, the R & R determines that the Ohio Court of Appeals' determination—applying the *Strickland* standard and holding that the evidence Petitioner presented at his hearing on his motion to withdraw his guilty plea, testimony from himself and his girlfriend, did not support his ineffective assistance of counsel claim—was well-founded based on the entirety of the record. (*Id.*) Accordingly, the R & R concludes that based on the record, the Ohio Court of Appeals' decision was not an unreasonable application of clearly established federal law or determination of the facts. (*Id.* at PageID #1212.)

Second, the R & R finds that to the extent that Petitioner requests an evidentiary hearing on the issue, the AEDPA forbids such a hearing under the circumstances because:

> [h]ere, [Petitioner] is not relying on any new rule of constitutional law, and he has not asserted that he wishes to present evidence that was unavailable to him when the case was pending in state court. Moreover, this is not a situation where [Petitioner] seeks to show that a jury would find him not guilty of the crime to which he pleaded guilty. Finally, the facts currently in the record can resolve his claim.

(*Id.* at PageID #1213); *see also* 28 U.S.C. § 2254(e)(2) ( in relevant part, noting that if an applicant has failed to develop the factual basis of a claim in state court proceedings, the district court shall not hold an evidentiary hearing on the claim unless the applicant shows his claim: (1) relies on a new constitutional law issue/rule; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

reasonable fact finder would have found the applicant guilty of the underlying offense).

Third, the R & R finds that Petitioner's assertion—that his trial counsel was ineffective for agreeing to not remove the "counsel only" designation from certain items provided by the state in discovery, which prevented him from reviewing the documents and thus making a knowing, intelligent, and voluntary plea—should also be rejected. (*Id.* at PageID #1213.) The R & R determines that Petitioner has not demonstrated how the Ohio Court of Appeals' decision, that Petitioner had failed to present a viable ineffective assistance claim, was an unreasonable application of *Strickland* or an unreasonable determination of the facts because:

> [h]e [Petitioner] does not identify any piece of discovery that would have affected his decision to enter into his guilty plea. Nor has he identified any piece of information or specific discovery of which he was previously unaware that would bolster his defense. Instead, he merely states in counclosry fashion that counsel was ineffective for failing to remove the counsel-only designation, and as a result his guilty plea was not knowing, voluntary, and intelligent. A conclusory claim of ineffective counsel, unsupported by specific facts, is wholly insufficient to allege constitutional defects in a criminal proceeding and does not provide a basis for habeas relief.

(*Id.* at PageID #1214–15) (internal citations omitted). Accordingly, the R & R recommends that the court deny this aspect of Petitioner's ineffective assistance of counsel claim because it lacks merit. (*Id.*)

Fourth, the R & R next considers Petitioner's assertion that his trial counsel was ineffective for failing to file an indigency affidavit. (*Id.* at PageID #1215.) The R & R concludes that the Ohio Court of Appeals did not err in its application of *Strickland*, finding that Petitioner could not demonstrate prejudice arising from his attorney's failure to file an affidavit of indigency, and notes that a federal habeas court is bound by the Ohio court's application of Ohio law regarding whether fines may be imposed in this case. (*Id.* at PageID #1216.) Finally, the R & R notes that Petitioner

has not provided any evidence to overcome the presumption of correctness that applies to the Ohio Court of Appeals' factual determinations. (*Id.*)

Objections were due by December 26, 2022, but neither party filed any.

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that Magistrate Judge Armstrong's recommendations are fully supported by the record and controlling case law. Accordingly, the court adopts the R & R (ECF No. 14-1) in its entirety and hereby denies and dismisses the Petition (ECF No. 1).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 16, 2023